# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT T. VASVARI, individually and on behalf of all other persons similarly situated, | : : : : | Case No. 1:09-CV-02069-JEJ<br>Complaint Filed: July 22, 2009<br><br>(JUDGE JOHN E. JONES, III) |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| RITE AID CORPORATION and ECKERD CORPORATION, d/b/a RITE AID, | : : : | **<u>Filed Electronically</u>** |
| | : | |
| Defendants. | : | |

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STAY

---

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................ iv

I.  INTRODUCTION .................................................................................. 1

II.  BACKGROUND .................................................................................... 2

III.  STATEMENT OF QUESTIONS INVOLVED ..................................... 4

IV.  ARGUMENT ........................................................................................ 4

    A. THE COURT SHOULD EXERCISE ITS INHERENT
       POWER TO GRANT A STAY IN THIS CASE PENDING
       THE THIRD CIRCUIT'S RULING IN *PARKER* .......................... 4

    B. CONSIDERATION OF THE *LANDIS* FACTORS FAVORS
       GRANTING A STAY IN THIS CASE PENDING THE
       THIRD CIRCUIT'S RULING IN *PARKER* ................................... 5

V.  CONCLUSION ...................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

Bechtel Corp. v. Local 215,
Laborers' Int'l Union of N. America, AFL-CIO,
    544 F.2d 1207 (3d Cir. 1976) ............................................................... 4

Craig v. Rite Aid Corporation, et al.,
    Civil Docket No. 4:08-cv-02317-JEJ
    (M.D. Pa., filed Dec. 29, 2008) ................................................... passim

CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.,
    381 F.3d 131 (3d Cir. 2004) ............................................................... 5

Landis v. N. America Co.,
    299 U.S. 248 (1936)....................................................................... 4, 5

Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,
    460 U.S. 1 (1983)............................................................................. 5

Parker v. NutriSystem, Inc.,
    Docket No. 09-3545 (3d Cir., filed Sept. 10, 2009) .................... passim

Structural Group. Inc. v. Liberty Mutual Ins. Co.,
    2008 WL 4616843 (M.D. Pa. 2008)..................................................... 5

United Sweetener USA, Inc. v. Nutrasweet Co.,
    766 F. Supp. 212 (D. Del. 1991) ........................................................ 5

## FEDERAL STATUTES AND RULES

28 U.S.C. § 1332(d) ..................................................................................... 2

29 U.S.C. § 201, et seq................................................................................. 1

F.R.C.P. 23 .................................................................................................. 1

Defendants Rite Aid Corporation and Eckerd Corporation d/b/a Rite Aid ("Defendants" or "Rite Aid")[1] respectfully submit this brief in support of their Motion to Stay, pending the Third Circuit's ruling in *Parker v. NutriSystem, Inc*., Dkt. 09-3545.

## I.  <u>INTRODUCTION</u>

Plaintiff Robert T. Vasvari ("Plaintiff" or "Vasvari"), a former Assistant Manager of Rite Aid of Ohio, Inc., seeks "back wages for all hours worked...as well as for overtime work" pursuant to Ohio's Minimum Fair Wage Standards Act ("Ohio MFWSA"), as well as seeks certification of those claims under Fed. R. Civ. P. 23 ("Rule 23") on behalf of all current and former Rite Aid Assistant Managers in the State of Ohio.  Complaint, at ¶¶ 1, 12 (Docket Entry No. 1).

It is Defendants' position that Vasvari's claims in this action conflict irreconcilably with claims asserted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., by Vasvari as a party plaintiff in *Craig v. Rite Aid Corporation, et al.,* Civil Docket No. 4:08-cv-02317-JEJ (M.D. Pa., filed Dec. 29, 2008), a conditionally certified collective action pending before this Court ("*Craig*" or "the FLSA Action").

This precise issue, the compatibility of an FLSA collective action and a

---

[1] Plaintiff's employer at all relevant times was Rite Aid of Ohio, Inc.  References herein to Plaintiff's employment with "Rite Aid" are, and should be construed as, references to his employment with "Rite Aid of Ohio, Inc."

state-law Rule 23 class action, is currently pending before the Third Circuit in the matter of *Parker v. NutriSystem, Inc.*, Dkt. 09-3545.   Accordingly, Defendants seek an Order staying this matter, pending the Third Circuit's ruling in *Parker*.

## II.   <u>BACKGROUND</u>

On June 23, 2009, Vasvari filed a Consent to Become a Party Plaintiff in *Craig*.  *See* Defendants' Appendix to their Motion for Summary Judgment and/or Motion to Dismiss, filed February 22, 2010 ("Defendants' February 22, 2010 Appendix"), Exh. 2.   On December 9, 2009, this Court conditionally certified *Craig* as a FLSA collective action encompassing "all individuals classified as exempt from the FLSA's overtime pay provisions and employed as salaried Assistant Store Managers during any workweek within the previous three years in any of the 4,901 stores…operated by Rite Aid Corporation."   December 9, 2009 Order, *Craig* Docket Entry No. 72.   The Court approved the form of notice to potential opt-ins, which include Assistant Managers in the State of Ohio.   February 12, 2010 Order, *Craig* Docket Entry No. 106.

On July 22, 2009, Plaintiff, invoking subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), filed the present Complaint against Defendants in the United States District Court for the Northern District of Ohio, Eastern Division, in *Robert T. Vasvari v. Rite Aid Corporation and Eckerd Corporation d/b/a Rite Aid*, Case No. 4:09-cv-1699, seeking damages

and injunctive relief on behalf of himself and other current and former Rite Aid Assistant Managers for alleged violation of the Ohio MFWSA. *See* Complaint, at ¶¶ 1-3. Plaintiff seeks "back wages for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay as required by the [MFWSA]." Complaint, at ¶ 1.

On October 2, 2009, Defendants filed their Motion to Dismiss or, in the Alternative, to Transfer (Docket Entry No. 12), based upon a forum-selection clause in Vasvari's Agreement, requiring commencement of any action, *inter alia*, in the Middle District of Pennsylvania. *See* Defendants' February 22, 2010 Appendix, Exh. 1, at ¶ 11. Thereafter, a Stipulation and Order transferring the action to this Court was entered October 19, 2009. (Docket Entry No. 14).

On January 27, 2010, the parties appeared telephonically before the Honorable John E. Jones, III for a case management conference, and agreed to stay further scheduling, including discovery, pending the resolution of Defendants' motion to dismiss and/or for summary judgment. *See* Order dated January 28, 2010 (Docket Entry No. 39).

Defendants filed their motion for summary judgment and/or to dismiss on February 22, 2010. (Docket Entry No. 45). By Order dated July 6, 2010, the Court granted Defendants' motion to dismiss with respect to Plaintiff's "recordkeeping claims," denied Defendants' motion to dismiss in other respects,

and denied Defendants' motion for summary judgment.  (Docket Entry No. 53).  In denying Defendants' motion to dismiss, the Court stated, "we are not deciding the Motion on its merits and encourage Defendants to renew the Motion if and when the ruling of the Third Circuit [in *Parker*] supports their argument."  *See* July 6, 2010 Order, at 18 (Docket Entry No. 53).

## III. <u>STATEMENT OF QUESTIONS INVOLVED</u>

> **A.** Should this matter be stayed, pending the Third Circuit's ruling in *Parker v. NutriSystem, Inc.*, Dkt. 09-3545?
>
> Suggested Answer:  Yes

## IV. <u>ARGUMENT</u>

### A. THE COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY THIS CASE PENDING THE THIRD CIRCUIT'S RULING IN *PARKER*

The Court may exercise its discretion to temporarily stay proceedings in matters before it where, as in this case, the balancing of practical considerations justify granting such a stay.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. America Co.*, 299 U.S. 248, 254 (1936).  Moreover, "a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."  *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. America, AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).

Deciding whether to grant a discretionary stay requires "the exercise of judgment, which must weight competing interests and maintain an even balance." *Landis*, 299 U.S. at 254.  In particular, courts will weigh the following practical considerations: (1) the length of the requested stay; (2) the hardship or inequity that the movant would face in proceeding with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay would simplify issues and promote judicial economy.  *Structural Group. Inc. v. Liberty Mutual Ins. Co*., 2008 WL 4616843, *5 (M.D. Pa. 2008) (citing *Landis*, 299 U.S. at 254-55); *see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 135-36 (3d Cir. 2004); *United Sweetener USA, Inc. v. Nutrasweet Co*., 766 F. Supp. 212, 217 (D. Del. 1991).

### B. CONSIDERATION OF THE *LANDIS* FACTORS FAVORS GRANTING A STAY PENDING THE THIRD CIRCUIT'S RULING IN *PARKER*

The first practical consideration when deciding whether to grant a stay under *Landis* is the length of the requested stay.  *See*, *e.g.*, *Structural Group*, 2008 WL 4616843, *5.  While stays of indefinite duration are generally discouraged,[2] Defendants do not seek an *indefinite* stay in this case.  Rather, the length of Defendants' requested stay is only for the pendency of the Third Circuit's ruling in

---

[2] *See*, *e.g*., *Structural Group*, 2008 WL 4616843, at *5 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp*., 460 U.S. 1 (1983); *CTF Hotel Holdings*, 381 F.3d at 135).

*Parker*, and the anticipated renewal of Defendants' motion to dismiss, in the event of a favorable outcome in *Parker*.  The *Parker* matter was fully briefed and argued to the Third Circuit as of June 21, 2010.  *See Parker v. NutriSystem, Inc*. General Docket, attached as Exhibit A to Defendant's Appendix ("Appendix"), filed herewith.  Thus, the length of Defendants' requested stay is neither indefinite nor excessive.

The hardship and/or inequity faced by Defendants if this case were to proceed also weighs in favor of a stay.  Defending a putative, state-wide class action obligates Defendants to participate in what is likely to be extensive discovery, including the parties' exchange of written discovery; the preparation and taking of the deposition of Plaintiff, Defendants' corporate representative(s), and possibly the parties' declarants; as well as, perhaps, expert discovery.  In addition, the parties' motion practice will include, at a minimum, Plaintiff's motion for class certification.  Nevertheless, the expenditure of resources by Defendants (as well as by Plaintiff and the Court) in connection with the anticipated discovery and motion practice in this case may be futile if, following a favorable Third Circuit ruling in *Parker*, Defendants' renewed motion to dismiss is granted. Indeed, the Court denied Defendants' first motion to dismiss *without prejudice*, and expressly "encourage[d] Defendants *to renew the Motion* [to Dismiss] if and when the ruling of the Third Circuit [in *Parker*] supports their argument."  July 6,

2010 Order, at 18 (Docket Entry. No. 53) (emphasis added).

The stay requested by Defendants will impose no hardship or injury on Plaintiff.  To begin, Plaintiff and his counsel, as *party plaintiff and counsel* in the *Craig* matter, will have access to Rite Aid's responses to written discovery, document production and depositions.  Because both this case and the *Craig* matter turn on the exempt status of Rite Aid management personnel, the discovery Plaintiff's counsel has and will receive from Rite Aid in *Craig* is likely to be pertinent, to some extent, in this case as well.  Moreover, Plaintiff previously agreed, during a telephonic case management conference before the Honorable John E. Jones, III, on January 27, 2010, to stay further scheduling, including discovery, pending the resolution of Defendants' motion to dismiss and/or for summary judgment.  *See* Order dated January 28, 2010 (Docket Entry No. 39).  No circumstances of which Defendants are aware have since intervened to justify withholding a stay at this juncture.  Accordingly, Plaintiff is not prejudiced by Defendants' present request for a stay.

Finally, granting Defendants' stay may simplify issues in the litigation of this matter and promote judicial economy.  As this Court noted, "the precise issue facing us, regarding the compatibility of an FLSA collective action and a state-law Rule 23 class action, is currently pending before the Third Circuit in the matter of *Parker v. Nutrisystem, Inc.*, Dkt. 09-3545.  Presumably, our Circuit will provide a

clear ruling with respect to the propriety of application [of the] 'inherent incompatibility' doctrine, or at least guidance to the district courts in approaching these actions…our hope is that it will provide a better framework under which we analyze whether two separate actions can or cannot be 'inherently incompatible.'" July 6, 2010 Order, at 17-18 (Docket Entry No. 53).   Moreover, the Court expressly preserved Defendants' right to renew their motion following a ruling in Parker:  "Therefore, with the desire to decide this matter in accordance with the Third Circuit's eventual interpretation or mandate, and potentially avoid the necessity of reconsideration of the issue, we will at this juncture deny Defendants' Motion for Judgment on the Pleadings without prejudice.   We…encourage Defendants to renew the Motion [to dismiss] if and when the ruling of the Third Circuit [in *Parker*] supports their argument."   *Id*. at 18.   Thus, as this Court recognized, the Third Circuit's ruling in *Parker* may ultimately lead to disposition of this case, upon renewal of Defendants' motion to dismiss.

Where judicial economy is served, and the non-movant will suffer no injury, a stay is justified to abide the decision in another matter, which decision will clarify issues for litigation in the present case and avoid hardship on the movant. The *Landis* factors having thus been satisfied, Defendants' respectfully request a stay.

## V.   **CONCLUSION**

For the foregoing reasons, Defendants Rite Aid Corporation and Eckerd Corporation d/b/a/ Rite Aid respectfully request that proceedings in this matter be stayed, pending the Third Circuit's ruling in *Parker v. NutriSystem, Inc.*, Dkt. No. 09-3545, and, following that ruling, the anticipated renewal of Defendants' motion to dismiss.

Respectfully submitted,

Dated:  July 14, 2010         _____*s/Patrick G. Brady*_____
Patrick G. Brady, Esq. (*Pro Hac Vice*)
pbrady@ebglaw.com
Suzanne K. Brown, Esq. (*Pro Hac Vice*)
skbrown@ebglaw.com
**EPSTEIN BECKER & GREEN, P.C.**
Two Gateway Center
12th Floor
Newark, New Jersey 07102-5003
Phone:  (973) 642-1900
Fax: (973) 639-8556

Brian P. Downey, Esq. (PA 59891)
downeyb@pepperlaw.com
**PEPPER HAMILTON LLP**
100 Market Street, Suite 200
Harrisburg, Pennsylvania 17108-1181
Phone:  (717) 255-1155
Fax: (717) 238-0575

**Attorneys for Defendants**
Rite Aid Corporation and Eckerd
Corporation d/b/a Rite Aid

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Patrick G. Brady, hereby certify that this brief is in compliance with the type/volume requirements set forth in Local Rule 7.8(b)(2), as it contains 9 pages and 1,837 words, as reported by Microsoft Word's word count feature, exclusive of the title page, table of contents, table of authorities, signature blocks and required certificates.

Dated:  July 14, 2010

<u>        *s/Patrick G. Brady*        </u>
Patrick G. Brady, Esq. (*Pro Hac Vice*)
pbrady@ebglaw.com
**EPSTEIN BECKER & GREEN, P.C.**
Two Gateway Center
12th Floor
Newark, New Jersey 07102-5003
Phone:  (973) 642-1900
Fax: (973) 639-8556

**Attorneys for Defendants**
Rite Aid Corporation and Eckerd
Corporation d/b/a Rite Aid

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendants' Brief in Support of Their Motion to Stay** was filed electronically this date and this Certificate of Service and said filing is available for viewing and downloading from the ECF system of the United States District Court for the Middle District of Pennsylvania. I further certify that on this date service was made upon the following Plaintiff's counsel via the ECF system and a true and correct copy of the foregoing was sent via electronic mail and First Class Mail, postage pre-paid, to Plaintiff's counsel as follows:

**Klafter Olsen & Lesser LLP**
Fran L. Rudich, Esq.
Seth R. Lesser, Esq.
1311 Mamaroneck Avenue
White Plains, NY 10605

**The Winebrake Law Firm, LLC**
Peter D. Winebrake, Esq.
R. Andrew Santillo, Esq.
715 Twining Office Center
Suite 211
Dresher, PA 19025

**Barkan Neff Handelman Meizlish, LLP**
Robert E. DeRose, Esq.
Robert K. Handelman, Esq.
Sanford A. Meizlish, Esq.
Shannon R. Baith, Esq.
360 S. Grant Avenue, P.O. Box 1989
Columbus, OH 43216-1989

Dated:  July 14, 2010                              *s/Patrick G. Brady*
                                                                Patrick G. Brady