# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT T. VASVARI, | : | 09-cv-2069 |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | |
| RITE AID CORPORATION and ECKERD CORPORATION, d/b/a RITE AID, | : | |
| Defendants. | : | |

## MEMORANDUM & ORDER

### August 23, 2010

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court in this putative class action is Defendants Rite Aid Corporation and Eckerd Corporation's (collectively, "Defendants") Motion to Stay the proceedings. (Doc. 54). Defendants seek to stay all proceedings in the matter pending the receipt of the Third Circuit's ruling in *Parker v. NutriSystem, Inc.*, Dkt. 09-3545 ("*Parker*"). For the reasons articulated in this Memorandum, we will grant the stay pending resolution of *Parker* or for ninety (90) days, whichever is sooner.

**I.     BACKGROUND**

1

Plaintiff Robert Vasvari ("Plaintiff" or "Vasvari"), formerly employed as an Assistant Manager by Rite Aid Corporation, initiated the instant action by filing a Complaint against Defendants in the United States District Court for the Northern District of Ohio in *Vasvari v. Rite Aid, et al.*, No. 4:09-cv-1699, seeking damages and injunctive relief for alleged violations of the Ohio's Minimum Fair Wage Standards Act ("Ohio MFWSA").[1,2] (Doc. 1.) Specifically, Plaintiff seeks to recover "back wages for all hours worked . . . as well as for overtime work" under the Ohio MFWSA. (Doc. 1.) Plaintiff also seeks to certify a class on behalf of all current and former Rite Aid Assistant Mangers in the state of Ohio pursuant to Federal Rule of Civil Procedure 23. Defendants filed an Answer to Plaintiff's Complaint on October 2, 2009 (Doc. 11) and filed a Motion to Dismiss or Transfer on that same date (Doc. 12.) A stipulation and order transferring the action to this Court was entered on October 19, 2009. (Doc. 14.)

On June 23, 2009, Plaintiff consented to become a party-plaintiff in the *Craig v. Rite Aid Corporation*, 08-cv-2317 ("*Craig*"), a Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") action before this Court in which current and former

---

[1] Federal subject-matter jurisdiction is invoked under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

[2] Plaintiff is also an opt-in Plaintiff in another action before this Court, *Craig v. Rite Aid*, 08-cv-2317, that asserts claims pursuant to the Fair Labor Standards Act, as discussed below.

Rite Aid assistant managers allege they were misclassified as exempt and thus improperly denied overtime compensation. Plaintiff advances the same argument under the Ohio MFWSA in the class-action Complaint presently before the Court.

Defendants filed a motion for summary judgment or, in the alternative, judgment on the pleadings on February 22, 2010 (Doc. 45), and we granted in part and denied in part that motion on July 9, 2010 (Doc. 54). Specifically, we found that, contrary to Defendants' assertions, Plaintiff did not release his Ohio MFWSA claims in the release and waiver that he signed when he was left his employment with Rite Aid, and thus denied Defendants' motion on those grounds. Further, we denied Defendants' motion to the extent that Defendants asserted that Plaintiff may not maintain both an Ohio MFWSA action and a FLSA action but noted that we will allow Defendants to renew that motion should the Third Circuit decide *Parker* in a manner that warrants it.[3] Finally, we granted Defendants' motion to the extent that it requested dismissal of Plaintiff's Ohio MFWSA "recordkeeping" claims. (*See* Doc. 54 p. 19-20.)

---

[3]A central argument of Defendants' original Motion for Judgment on the Pleadings (Doc. 45) was that the two separate actions – a Rule 23 action and an FLSA § 216 opt-in collective action – are inherently incompatible and thus a plaintiff cannot maintain both. The discrete issue presently before the Third Circuit in *Parker* is whether those two forms of class-actions are indeed inherently incompatible or otherwise. Granted, the issue in this matter is slightly different: the two different classes are being pursued in two separate actions. Nonetheless, the Third Circuit's decision, in the absence of any existing precedent, may be instructive.

## II. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). To exercise that discretion within the bounds of the law, a district court must "weigh competing interests and maintain an even balance." *Id.* Courts should consider four factors: (1) the length of the requested stay; (2) the hardship that the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy. *See Structural Group, Inc. v. Liberty Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 82266, *13 (M.D. Pa. October 16, 2008) (citing *Landis*, 299 U.S. at 254-55). We will discuss our consideration of each factor in turn.

### A. *The Length of the Requested Stay*

In support of the Motion, Defendants assert that the length of the requested stay is neither indefinite nor excessive, as the *Parker* action was argued to the Third Circuit as of June 21, 2010 and, thus, a decision could be expected in the near future. (Doc. 55 p. 6.) Plaintiff counters that the length of the stay is, indeed, entirely unknown, and that the unpredictable duration of the requested stay should

weigh against its entry. (Doc. 57 p. 4.)

We acknowledge that, on its face, Defendants are requesting a stay of indefinite duration - a time-frame that would typically compel denial of the Motion. *See, e.g. Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983) ("We emphasize that *Landis* approved stays of moderate length, and not those of indefinite duration. . . ."). Neither the Court nor the parties can predict when a decision will be rendered by the Third Circuit in this case of first impression. Nonetheless, the matter was argued before the Third Circuit two months ago, so we can reasonably expect a decision to be rendered in at least the next few months. Thus, to balance the interests of each party and our previously-articulated interest in the outcome of that appeal, we will grant the stay (also taking into consideration the other factors, discussed below), but will only grant it for a certain duration. We will lift the stay when we receive the decision of the Third Circuit in *Parker* or in ninety (90) days of the date of this Order; whichever is sooner, absent good cause to revisit our determination.

### B. *Hardship to Movant and Injury to Non-movant*

We will consider both of these factors together as each asks us to weigh the respective hardships to the parties. Defendants maintain that engaging in discovery with a putative, statewide class action will require expenditure of a great

5

amount of resources that may indeed be futile depending upon the guidance provided by the Third Circuit. Defendants further maintain that a stay will impose no hardship or injury on Plaintiff because, as a plaintiff in the *Craig* matter, Plaintiff will have access to Rite Aid's responses to the discovery in that matter. Also highlighting the *Craig* action, Plaintiff responds that neither hardship nor inequity will befall Defendants if the stay is denied because counsel for both parties can coordinate discovery between this matter and *Craig*, thereby preserving resources and promoting economy in both actions. (*See* Doc. 57 pp. 5-6). Thus, because Defendants are already proceeding with *nationwide* discovery, Plaintiff asserts that also engaging in statewide discovery will cause no hardship. Plaintiff further argues that he instead would suffer hardship if a stay was granted; noting that this action was commenced over a year ago and that he "has a right to get this lawsuit moving. . . ." (Doc. 57 p. 6.)

    We agree with the essential arguments interposed by both parties in support of and in opposition to the Motion. Nonetheless, although the named Defendants will be engaging in discovery in the related action, we disagree with the result that Plaintiff asserts his argument compels. Each respective party would endure some sort of "hardship" whether we grant or deny a stay - either the parties would incur greater expense and expend resources in an action that could potentially be

dismissed from this Court, or Plaintiff will have wait longer to "get this law suit moving". We thus decide that the potential hardship to Defendants, namely engaging in excess discovery, is greater than the hardship to Plaintiff. It follows that the hardship to the Defendants weighs in favor of staying the proceedings. Further, any injury to Plaintiff is not significant enough to weigh in favor of continuing the litigation while expecting the Third Circuit's decision, in light of the other factors we must consider.

### C. *Judicial Economy*

Finally, Defendants maintain that granting a stay may promote judicial economy by simplifying the issues before the Court. In support, Defendants offer that we previously recognized that the Third Circuit's ruling in *Parker* may ultimately lead to a disposition of the action in its favor. Plaintiff responds that the possibility of this type of disposition is remote and, even so, the case will be dismissed without prejudice and subsequently relitigated in Ohio court. In other words, Plaintiff maintains that Defendants will have to engage in discovery in this matter "sooner or later" and thus a stay will simplify nothing.

Again, although we are neither predicting the outcome of the *Parker* matter, nor are we prejudging the merits of the "inherent incompatibility" doctrine in the absence of an expected analytical framework, we do note that the decision could

7

potentially warrant dismissal of the action. Although we appreciate Plaintiff's argument that the matter will be litigated regardless, we find that a temporary stay of proceedings will streamline the proceedings in *this* Court, and thus will promote judicial economy.

## III. CONCLUSION

For the reasons articulated above, we will grant the Motion (Doc. 54) and temporarily stay the proceedings until the issuance of a decision in *Parker* or ninety (90) days, whichever is sooner. We assure the parties that we have reached this decision with careful balancing of the rights and interests of each respective party. We are not imposing an indefinite stay - in fact, the stay is of relatively short duration. Therefore, we believe that the stay reaches the proper balance between avoiding needless expenditure of resources, ensuring that Plaintiff has the opportunity to litigate his claims in this Court if warranted, and the desirability of properly deciding the relevant issues with at least the possibility of more guidance from the Third Circuit.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendants Rite Aid Corporation and Eckerd Corporation's Motion to Stay (Doc. 54) is **GRANTED** to the extent set forth hereafter;

2. This action is **STAYED** pending resolution of *Parker v. NutriSystem,*

*Inc.*, Dkt. 09-3545, by the Third Circuit or the expiration of ninety (90) days from the date of this Order, whichever is sooner; and

3. The parties shall request a status conference at the expiration of the stay as articulated above, via a letter on the docket.

/s/ John E. Jones III
John E. Jones III
United States District Judge