# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| ROBERT T. VASVARI, individually | : | Case No. 1:09-CV-02069-JEJ |
| and on behalf of all other persons | : | Complaint Filed: July 22, 2009 |
| similarly situated, | : | |
| | : | (JUDGE JOHN E. JONES, III) |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| RITE AID CORPORATION and | : | **Filed Electronically** |
| ECKERD CORPORATION, d/b/a | : | |
| RITE AID, | : | |
| | | |
| Defendants. | | |

---

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(c)

---

**EPSTEIN BECKER & GREEN, P.C.**
One Gateway Center
Newark, New Jersey 07102
Phone:  (973) 642-1900
Fax: (973) 639-8556

**Attorneys for Defendants**
Rite Aid Corporation and Eckerd
Corporation d/b/a Rite Aid

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................. iii

I. INTRODUCTION .............................................................................1

II. ARGUMENT ...................................................................................3

    A. PLAINTIFF'S CLASS CLAIMS MUST BE DISMISSED BECAUSE THEY ARE PREEMPTED BY THE FLSA COLLECTIVE CLAIMS IN *CRAIG* ........................................................3

        1. CAFA Jurisdiction Does Not Undermine Preemption ...................4

    B. PLAINTIFF'S CLASS CLAIMS MUST BE DISMISSED BECAUSE THE INCOMPATIBILITY OF RULE 23'S OPT-OUT SCHEME WITH THE FLSA'S OPT-IN MECHANISM IS "INHERENT" AND IS NOT CONFINED TO SPECIFIC CIRCUMSTANCES................................................................................10

        1. The "Inherent Incompatibility" of the FLSA's Opt-In Mechanism and Rule 23's Opt-Out Approach Is Frequently Recognized by Federal Courts, Including This One ......................10

        2. The "Inherent Incompatibility" of the FLSA's Opt-In Mechanism and Rule 23's Opt-Out Approach Is *Not* Confined to Cases Involving Supplemental Jurisdiction ...............16

        3. The "Inherent Incompatibility" of the FLSA's Opt-In Mechanism and Rule 23's Opt-Out Approach Is *Not* Confined to Dual-Filed FLSA and Rule 23 Actions......................19

        4. The Fact That Plaintiff's Ohio MFWSA and FLSA Overtime Claims Are Identical Does Not Undermine the "Inherent Incompatibility" Argument ...........................................21

    C. PLAINTIFF'S CLASS CLAIMS MUST BE DISMISSED BECAUSE THEY ARE BARRED BY THE RULES ENABLING ACT ..................................................................................................22

III. CONCLUSION ................................................................................26

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aquilino v. Home Depot U.S.A., Inc.,
  2006 WL 2023539 (D.N.J. July 18, 2006) ....................................................14

Bahramipour v. Citigroup Global Mkts, Inc.,
  2006 WL 449132 (N.D. Cal. Feb. 22, 2006) ...................................................8

Barnett v. Wash. Mut. Bank, FA,
  2004 WL 2011462 (N.D. Cal. Sept. 9, 2004) ..................................................8

Bouaphakeo v. Tyson Foods, Inc.,
  564 F. Supp. 2d 870, 889 (N.D. Iowa Jul. 3, 2008) ......................................19

Brothers v. Portage Nat'l Bank,
  2007 WL 965835 (W.D. Pa. Mar. 29, 2007) ..................................................17

Burkhart-Deal v. Citifinancial, Inc.,
  2008 WL 2357735 (W.D. Pa. June 5, 2008) ..................................6, 8, 16, 20

Burkhart-Deal v. Citifinancial, Inc.,
  2008 WL 4793749 (W.D. Pa. Oct. 31, 2008) ...................................6, 7, 8, 24

Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,
  467 U.S. 837 (1984) ......................................................................................15

Craig v. Rite Aid Corporation, et al.,
  Civil Docket No. 4:08-cv-02317-JEJ
  (M.D. Pa., filed Dec. 29, 2008) ...............................................................passim

Daprizio v. Harrah's Las Vegas, Inc.,
  2010 WL 3259920 (D. Nev. Aug. 17, 2010) ...................................................4

De Ascencio v. Tyson Foods, Inc.,
  342 F.3d 301 (3d Cir. 2003) ....................................................................11, 23

Dillworth v. Case Farms Processing, Inc.,
  2009 WL 2766991 (N.D. Ohio Aug. 27, 2009) ........................................9, 13

Di Nardo v. Ned Stevens Gutter Cleaning & Installation, Inc.,
   2008 WL 565765 (D.N.J. Feb. 28, 2008) ................................................13, 14

Ellis v. Edward D. Jones & Co., L.P.,
   527 F. Supp. 2d 439 (W.D. Pa. 2007) ....................................................passim

Ellison v. Autozone Inc.,
   2007 WL 2701923 (N.D. Cal. Sept. 13, 2007) ............................................18

Flores v. Albertson's, Inc.,
   2003 WL 24216269 (C.D. Cal. Dec. 9, 2003) ................................................9

Freeman v. Hoffman-LaRoche, Inc.,
   2007 WL 4440875 (D.N.J. Dec. 18, 2007) ............................................13, 14

Gade v. Nat'l Solid Wastes Mgmt Ass'n,
   505 U.S. 88 (1992) ...........................................................................................4

Guzman v. VLM, Inc.,
   2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008) ............................24

Helm v. Alderwoods Group, Inc.,
   696 F. Supp. 2d 1057 (N.D. Cal. 2009) .........................................................9

Henderson v. United States,
   517 U.S. 654, 671 (1996) ......................................................................11, 23

Herring v. Hewitt Assoc., Inc.,
   2006 WL 2347875 (D.N.J. August 11, 2006) ..............................................14

Hickton v. Enterprise Rent-A-Car Co., Inc.,
   2008 U.S. Dist. LEXIS 86604 (W.D. Pa. Sept. 12, 2008) ...........................17

Himmelman v. Cont'l Cas. Co.,
   2006 WL 2347873 (D.N.J. August 11, 2006) ..............................................14

Jackson v. Alpharma, Inc.,
   2008 U.S. Dist. LEXIS 12787 (D.N.J. Feb. 21, 2008) ...........................18, 20

Kilgore v. Outback Steakhouse of Florida, Inc.,
    160 F.3d 294 (6th Cir. 1998) .......................................................................15

Laichev v. JBM, Inc.,
    1:07-cv-00802-MRB (S.D. Ohio June 19, 2008) ...........................................9

Lehman v. Legg Mason, Inc.,
    532 F. Supp. 2d 726 (M.D. Pa. 2007)................................................11, 12, 13

Moeck v. Gray Supply Corp.,
    2006 WL 42368 (D.N.J. Jan. 6, 2006)..........................................................14

Otto v. Pocono Health System,
    457 F. Supp. 2d 522 (M.D. Pa. 2007).....................................................passim

Pereira v. Foot Locker, Inc.,
    261 F.R.D. 60 (E.D. Pa. 2009) ....................................................................19

Ramsey v. Ryan Beck & Co., Inc.,
    2007 WL 2234567 (E.D. Pa. Aug. 1, 2007)...........................................17, 20

Reich v. Parker Fire Protection Dist.,
    992 F.2d 1023 (10th Cir. 1993) ....................................................................15

Rice v. Santa Fe Elevator Corp.,
    331 U.S. 218 (1947)........................................................................................3

Rose v. Wildflower Bread Co.,
    2010 WL 1781011 (D. Ariz. May 4, 2010)....................................................7

Sherhill v. Cellco Partnership,
    2008 U.S. Dist. LEXIS 91477 (E.D. Pa. Apr. 7, 2008).........................5, 6, 20

Takacs v. A.G. Edwards & Sons, Inc.,
    444 F. Supp. 2d 1100 (S.D. Cal. 2006) ..........................................................8

Westerfield v. Washington Mutual Bank,
    2007 WL 2162989 (E.D.N.Y. July 26, 2007) ........................................14, 15

Zelinsky v. Staples, Inc., .........................................................................................7, 8
    2008 WL 4425814 (W.D. Pa. Sept. 29, 2008)

## FEDERAL STATUTES AND RULES

28 U.S.C. § 2072 ...............................................................................................2, 23, 25

29 U.S.C. § 201 ..........................................................................................................1

29 U.S.C. § 216 ...................................................................................................passim

29 U.S.C. § 218 ..........................................................................................................3

Fed. R. Civ. P. 12(c) ..........................................................................................1, 18, 26

Fed. R. Civ. P. 23 ...............................................................................................passim

Class Action Fairness Act of 2005,
    Pub. L. No. 109-2, 119 Stat. 4 ..........................................................................passim

## STATE STATUTES AND REGULATIONS

Cal. Bus. & Prof. Code § 17200 ..........................................................................8, 9

O.R.C. § 4111.02 .....................................................................................................10

O.R.C. § 4111.03 .............................................................................................9, 10, 13

Pennsylvania Minimum Wage Act,
    43 Pa. Cons. Stat. Ann. § 333.101, *et seq.* .......................................................5

Pennsylvania Wage Payment and Collection Law,
    43 Pa. Cons. Stat. Ann. § 260.1, *et seq.* .........................................................5

Defendants Rite Aid Corporation and Eckerd Corporation d/b/a Rite Aid ("Defendants" or "Rite Aid")[1] respectfully submit this reply brief in further support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c), filed October 12, 2010 (Docket Entry Nos. 69, 72 and 73), and in response to the opposition submissions of Plaintiff Robert T. Vasvari ("Plaintiff" or "Vasvari"), filed October 22, 2010 (Docket Entry No. 74).

## I.   INTRODUCTION

Vasvari, a former Assistant Store Manager ("ASM") of Rite Aid of Ohio, Inc., seeks "back wages for all hours worked...as well as for overtime work" pursuant to Ohio's Minimum Fair Wage Standards Act ("Ohio MFWSA"), as well as certification of those claims under Fed. R. Civ. P. 23 ("Rule 23") on behalf of all current and former Rite Aid ASMs in the State of Ohio.  Complaint, at ¶¶ 1, 12 (Docket Entry No. 1).  Plaintiff's class action claims under the Ohio MFWSA cannot proceed concurrently with identical claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., asserted by Vasvari as a party plaintiff in the conditionally certified *Craig v. Rite Aid Corporation, et al.,* Civil Docket No. 4:08-cv-02317-JEJ (M.D. Pa., filed Dec. 29, 2008) ("*Craig*"), also pending before this Court.

---

[1] Plaintiff's employer at all relevant times was Rite Aid of Ohio, Inc.  References herein to Plaintiff's employment with "Rite Aid" are, and should be construed as, references to his employment with "Rite Aid of Ohio, Inc."

Plaintiff's string-cite approach to opposing Defendants' motion cannot overcome the sound analysis of those cases upon which Defendants rely. Plaintiff fails to acknowledge the nuances which distinguish the case law he cites from the circumstances present here and which merit dismissal of the Complaint. Though *some* federal courts have allowed Rule 23 state wage and hour law class actions and FLSA collective actions to proceed in the same action, that particular conclusion is typically reached absent rigorous analysis of one or more of the arguments raised herein.

When such analysis is undertaken in the circumstances presented here, the prejudice to the putative class members is apparent. Plaintiff seeks to represent current and former ASMs in Ohio who previously chose *not* to opt-in to the *Craig* case. Thus, those individuals, should they fail to opt-out of Vasvari's Rule 23 action, will essentially have their FLSA claim adjudicated under Ohio's wage and hour law, an identical state law counterpart to their federal claim.

Further, Plaintiff's argument, that the Court lacks authority to dismiss a state class action pending before it on original jurisdiction, ignores the Court's inherent authority to manage the litigation before it. In addition, Plaintiff disregards established precedent that the FLSA's opt-in provisions are substantive in nature, to advance his argument that the Rules Enabling Act, 28 U.S.C. § 2072, is no bar to his claims. Finally, as to federal preemption of his state claims, Plaintiff

confuses Rite Aid's preemption argument with "field" preemption—a theory not advanced by Rite Aid—and fails to address what is instead a more narrow argument.

## II.  ARGUMENT

### A. PLAINTIFF'S CLASS CLAIMS MUST BE DISMISSED BECAUSE THEY ARE PREEMPTED BY THE FLSA COLLECTIVE CLAIMS IN *CRAIG*

Plaintiff mischaracterizes the relevant preemption analysis as whether or not the FLSA operates to preempt the field of overtime claims.  Plaintiff's Brief, at 2-4.  Field preemption is not a theory advanced by Rite Aid.

The FLSA does not preempt the entire field of wage and hour law.  Indeed, the Supreme Court has explained, "There is no field preemption…[because] federal law does not so thoroughly occupy the field…'as to make reasonable the inference that Congress left no room for the states to supplement federal law.'" *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947).  Rather, the FLSA establishes only a regulatory "floor," and its savings clause expressly reserves to the States the establishment of "a minimum wage *higher* than the minimum wage established under [the FLSA] or a maximum workweek *lower* than the maximum workweek established under [the FLSA]."  29 U.S.C. § 218(a) (emphasis added).

However, federal law *will* preempt state law even where the statutes share the same goal, if the state law "interferes with the *methods* by which the federal

statute was designed to reach this goal," or where the "state law 'stands as an *obstacle* to the accomplishment and execution of the full purposes and objectives of Congress.'" *Gade v. Nat'l Solid Wastes Mgmt Ass'n*, 505 U.S. 88, 98 (1992) (emphasis added). Thus, "[t]he conflict between the two mass action schemes involves the mechanisms by which parties become members of a suit." *Daprizio v. Harrah's Las Vegas, Inc.*, 2010 WL 3259920, at *4 (D. Nev. Aug. 17, 2010) (the FLSA precludes a Nevada state law class action concerning failure to compensate employees for pre-shift meetings) (Docket Entry No. 73-18). *See also* Rite Aid's Brief, at 14-19.

### 1.  CAFA Jurisdiction Does Not Undermine Preemption

The principles of federal preemption of Plaintiff's Ohio MFWSA class claims by the FLSA collective claims in *Craig* do not depend on the "dual-filed" status (or lack thereof) of the case. *See* Rite Aid's Brief, at 18-19. It is the emergence of stand-alone state law class actions that underscores the need for the reasonable extension of case law concerning dual-filed class and collective actions to cases such as this, where the Rule 23 class and FLSA collective actions proceed simultaneously in separate federal actions.[2]

---

[2]Stand-alone Rule 23 state wage and hour law class actions rarely made their way to federal court until the recent enactment of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, which extended diversity jurisdiction by permitting aggregation of claims to satisfy the jurisdictional minimum amount in controversy.

Plaintiff's argument to the contrary is not compelling.  For example, Plaintiff cites *Sherhill v. Cellco Partnership*, 2008 U.S. Dist. LEXIS 91477, *2 (E.D. Pa. Apr. 7, 2008) (Docket Entry No. 48-28), for that court's determination that, "there is no indication in the text or legislative history of the FLSA that Congress intended to preempt or altogether prohibit remedies available to employees under state employment laws, or to circumscribe the legal mechanisms available to preserve those rights."  Plaintiff's Brief, at 2 (quoting *Sherhill*, 2008 U.S. Dist. LEXIS 91477, at *2-3).  However, *Sherhill* does *not* address what is Rite Aid's preemption argument: (1) that Plaintiff's Ohio MFWSA claims concerning overtime compensation, and the standards for exemption therefrom, are identical to, and therefore preempted by, claims under the FLSA; and/or (2) that Plaintiff's Rule 23 opt-out approach creates an *obstacle to*, and therefore is preempted by, the FLSA's opt-in mechanism.

Rather, *Sherhill* involved claims under the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. Ann. § 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. Ann. § 260.1, *et seq.* ("PWPCL").  Specifically, the *Sherhill* plaintiff alleged violations of the PMWA for failing to compensate employees for off-the-clock work and overtime, and violations of the PWPCL for failure to pay employees all wages due within the time period required, improperly withholding wages, and subjecting class members

to unauthorized chargebacks. *See Sherhill* Complaint (attached as Exhibit A to the Supplemental Appendix ("Supp. App."), filed herewith). This laundry list of distinct state law claims in *Sherhill* cannot be treated as analogous, for purposes of evaluating preemption decisions, to this case, where the Ohio MFWSA provision invoked by Vasvari is identical to, and expressly incorporates the standards and principles of, the FLSA's exemptions from overtime.

Plaintiff fares no better in his reliance on *Burkhart-Deal v. CitiFinancial, Inc.*, 2008 WL 4793749 (W.D. Pa. Oct. 31, 2008) ("*Burkhart-Deal II*") (Exhibit B, Supp. App.), in support of his argument against preemption. Plaintiff's Brief, at 3-4. In *Burkhart-Deal II*, after the plaintiff's state class claims were dismissed from a dual-filed FLSA and Rule 23 class and collective action in *Burkhart-Deal I*,[3] the plaintiff refiled his state class claims in state court, the defendant removed, and the

---

[3] In *Burkhart-Deal v. Citifinancial, Inc.*, 2008 WL 2357735 (W.D. Pa. June 5, 2008) ("*Burkhart-Deal I*") (Exhibit C, Supp. App.), the court addressed a motion to dismiss the plaintiff's state law class claims in a dual-filed FLSA and Rule 23 class/collective action, and noted the defendant's "central argument" was "that an opt-out class action under Rule 23 conflicts, impermissibly, with a collective opt-in action under FLSA Section 216." 2008 WL 2357735, at *1. With respect to the inherent incompatibility argument, the court explained, "[t]he 'incompatibility' argument *must be distinguished from* a challenge to the exercise of supplemental jurisdiction over the state law claims. … Defendants here expressly concede that supplemental jurisdiction is *not* at issue, as Plaintiff has asserted jurisdiction premised on the Class Action Fairness Act…. Therefore, I focus *solely* on the 'incompatibility' argument." *Id*. (emphasis added). Further, the court held that "*the inherent incompatibility* of Plaintiff's FLSA claims and state law class claims, in this particular case, *require dismissal* of the state law class claims." *Id*. at *2 (emphasis added).

parties appeared before Chief Judge Ambrose for the second time in *Burkhart-Deal II* on a motion to dismiss.   In *Burkhart-Deal II*, the court denied the motion to dismiss plaintiff's state class claims, now proceeding in a separate action. *Burkhart-Deal II*, 2008 WL 4793749, at *4.   However, in so doing, the court rejected the extremely broad notion that "the FLSA collective action statute was intended to *completely preempt* state law class actions."   *Id*. at *2.   The court did *not* evaluate the much narrower preemption argument Rite Aid makes here.   *See* Rite Aid's Brief, at 13-19.   *See also Rose v. Wildflower Bread Co.*, 2010 WL 1781011, at *6-8 (D. Ariz. May 4, 2010) (Docket Entry No. 73-19) (addressing the plaintiff's dual-filed FLSA and state wage and hour claims; "under the circumstances of this case—where the only state law claim wholly depends upon a violation of the FLSA—the FLSA preempts [plaintiff's state law claim]").[4]

Plaintiff cites *Zelinsky* for that court's conclusion that "I cannot find as a matter of law that FLSA collective actions preempt *all* state wage law class action claims" (Plaintiff's Brief, at 4 (quoting *Zelinsky*) (emphasis added))—a position Rite Aid does not argue here.   *Zelinsky v. Staples, Inc.*, 2008 WL 4425814 (W.D.

---

[4] Further, the *Burkhart-Deal II* court concluded that, now faced with Rule 23 class claims and FLSA collective claims in separate federal actions, it would not extend principles of conflict preemption to the "convergence of conflicting FLSA and state wage law classes" in the absence of "appellate guidance."   *Burkhart-Deal II*, 2008 WL 4793749, at *3.   Respectfully, must the lack of appellate guidance always inure to the benefit of the plaintiff, when, in fact, there is no logical basis for refusing to extend the sound reasoning of "dual-filed" cases to those in which a plaintiff's identical state and federal claims are filed in separate federal actions?

Pa. Sept. 29, 2008) (Exhibit E, Supp. App.) (denying a motion to strike the plaintiff's state wage and hour law claims as preempted by the FLSA).  Further, as Chief Judge Ambrose, author of *Burkhart-Deal I and II*, recognized, *Zelinsky* "presents a different scenario" from that of *Burkhart-Deal I*.  *Zelinsky*, 2008 WL 4425814, *3.   In *Burkhart-Deal I*, the court concluded that "the inherent incompatibility of Plaintiff's FLSA claims and state law class claims, in this particular case, require dismissal of the state law class claims." *Id*.   But in *Zelinsky*, the defendant had removed the plaintiff's Pennsylvania state law claims to federal court; a separate group of plaintiffs asserted federal claims in a Connecticut federal district court; and "there is nothing in the record before me to indicate whether Plaintiffs herein have also 'opted-in' to either of the FLSA actions." *Id*.   Accordingly, *Zelinsky* is distinguishable from the circumstances present here, because, in this case, both the state and federal claims are pending before this Court, and Vasvari *has* opted-in to the *Craig* FLSA case.[5]

---

[5] In addition, Plaintiff cites a number of cases from district courts within the Ninth Circuit, which he claims "reject the notion that opt-out class action claims arising under state overtime laws are somehow preempted by the FLSA."  Plaintiff's Brief, at 4, n.2.  However, Plaintiff ignores the fact that a number of those cases deal with whether California's unlawful business practices statute, Cal. Bus. & Prof. Code § 17200, which treats violations of other laws as unlawful practices independently actionable under the statute, and, importantly, is separate from California's wage and hour law.  *See Takacs v. A.G. Edwards & Sons, Inc*., 444 F. Supp. 2d 1100, 1116-18 (S.D. Cal. 2006) (FLSA does not preempt § 17200 cause of action to enforce FLSA); *Barnett v. Wash. Mut. Bank, FA*, 2004 WL 2011462, at *4-7 (N.D. Cal. Sept. 9, 2004) (same) (Exhibit F, Supp. App.); *Bahramipour v.*

In addition, Plaintiff argues that Rite Aid "primarily focus[es] on cases…in which the alleged state law violation is substantively predicated upon an underlying FLSA violation." Plaintiff's Brief, at 4, n.3. It is remarkable that Plaintiff considers such cases distinguishable from his own. Here, O.R.C. § 4111.03 is identical to its FLSA counterpart; indeed, it exists solely by reference to the FLSA. *See*, *e.g.*, *Dillworth v. Case Farms Processing, Inc.*, 2009 WL 2766991, at *7 (N.D. Ohio Aug. 27, 2009) ("Ohio's overtime statute is a carbon copy of FLSA's overtime provisions"); *Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439, 455 (W.D. Pa. 2007) ("Ohio's overtime law explicitly tracks the FLSA…."). Thus, cases in which "the alleged state law violation is substantively predicated upon an underlying FLSA violation" are, as a general matter, analogous to Plaintiff's identical claims for overtime under the Ohio MFWSA and FLSA.[6]

---

*Citigroup Global Mkts, Inc.*, 2006 WL 449132 (N.D. Cal. Feb. 22, 2006) (same) (Exhibit G, Supp. App.). Moreover, Plaintiff ignores those decisions which conclude that non-§ 17200 cases *are* preempted by the FLSA. *See*, *e.g.*, *Helm v. Alderwoods Group, Inc.*, 696 F. Supp. 2d 1057 (N.D. Cal. 2009) (holding that common law claims duplicative of the FLSA are preempted); *Flores v. Albertson's, Inc.*, 2003 WL 24216269 (C.D. Cal. Dec. 9, 2003) (holding that the exclusive remedy for violations "of the state and federal wage and hour laws" is the FLSA) (Exhibit H, Supp. App.).

[6] *Laichev v. JBM, Inc.*, cited by Plaintiff, however, is *not* analogous to the circumstances present here. Plaintiff's Brief, at 2 (citing *Laichev v. JBM, Inc.*, 1:07-cv-00802-MRB (S.D. Ohio June 19, 2008) (Docket Entry No. 74)). In *Laichev*, plaintiffs were *hourly* employees, seeking unpaid overtime compensation. Thus, the *Laichev* plaintiffs' claim for overtime, *unlike Vasvari's*, could be adjudicated under Ohio's state wage and hour law without reference to, or reliance upon, the FLSA. *See*, *e.g.*, O.R.C. § 4111.03 ("An employer shall pay an

**B. PLAINTIFF'S CLASS CLAIMS MUST BE DISMISSED BECAUSE THE INCOMPATIBILITY OF RULE 23'S OPT-OUT SCHEME WITH THE FLSA'S OPT-IN MECHANISM IS "INHERENT" AND IS NOT CONFINED TO SPECIFIC CIRCUMSTANCES**

Plaintiff makes four arguments against dismissal on the basis of inherent incompatibility doctrine: (1) the doctrine is "legally invalid"; (2) the doctrine does not apply where CAFA provides an independent jurisdictional basis for Plaintiff's claims; (3) the doctrine does not apply where FLSA and Rule 23 claims are not asserted in the same lawsuit; and (4) the similarity between the Ohio MFWSA and the FLSA weigh against application of the inherent incompatibility doctrine. Plaintiff's Brief, at 5-11.  Plaintiff's arguments are without merit.

**1. The "Inherent Incompatibility" of the FLSA's Opt-In Mechanism and Rule 23's Opt-Out Approach Is Frequently Recognized by Federal Courts, Including This One**

Though Plaintiff acknowledges that Your Honor applied the inherent incompatibility doctrine in *Otto v. Pocono Heath System*, 457 F. Supp. 2d 522 (M.D. Pa. 2007), he argues that, because "many other courts have refused to do so," this Court should reverse its position.  Plaintiff's Brief, at 5.  However, the cases and DOL amici briefs upon which Plaintiff relies do not overcome the sound

---

employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek…"); O.R.C. § 4111.02 (defining "wage rate" as "not less than the wage rate specified in Section 34a of Article II, Ohio Constitution").  By contrast, Vasvari's misclassification claims require adjudication of "the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]."  O.R.C. § 4111.03.

10

reasoning of this and other courts with respect to the viability of the doctrine.

Plaintiff cites *Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726 (M.D. Pa. 2007), in which a securities broker, paid on commission, brought FLSA and Pennsylvania state wage and hour claims in the same action. On the defendants' motion to dismiss, the court determined that, "[t]he question before this court is whether the different procedural mechanisms for enforcement under each respective statutory scheme preclude a single action for recovery under both to be brought in federal court. The court is persuaded that such a suit is not precluded." *Lehman*, 532 F. Supp. 2d at 730.

However, the court based its conclusion on the faulty premise that "the difference between the opt-in collective action and the opt-out class action is procedural," and that "*merely procedural differences*" did not preclude the plaintiff's proposed state law class action claims. *Id.* at 731 (emphasis added). To the contrary, there is no question that the rights *conferred by the operation of* Section 216(b)'s statutory requirement, *i.e.*, who can sue, are substantive. *Henderson v. United States*, 517 U.S. 654, 671 (1996) (internal citations omitted) (recognizing that "who may sue, on what claims, for what relief, [and] within what limitations period" are quintessentially "substantive matters"); *De Ascencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003) ("[T]he aggregation of claims, particularly as class actions, profoundly affects the substantive rights of parties to

the litigation."); *Ellis*, 527 F. Supp. 2d at 457 (recognizing that two principal substantive rights are secured by Section 216(b)'s opt-in provision: "the right of employers not to be sued in representative actions, and the right of employees not to have their rights litigated without their knowledge and express consent"). *See also* Rite Aid's Brief, at 23-27 (citing cases).

Moreover, the *Lehman* court's conclusion that "the differences between a collective action under FLSA and a state class action under Rule 23 are procedural" (*Lehman*, 532 F. Supp. 2d at 732), overlooks the reasoned opinion of many courts, including this one, that Congress made the "crucial policy decision" to adopt the opt-in design for individuals asserting FLSA claims. *Ellis*, 527 F. Supp. 2d at 450. Indeed, in *Otto*, this Court concluded that:

> It is clear that Congress labored to create an opt-in scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge. To allow an Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement. To so hold would be contrary to the clear path being blazed by our sister district court as well as the direction taken by some of our sister circuits.

*Otto*, 457 F. Supp. 2d at 524. *See also* Rite Aid's Brief, at 18-21.[7]

---

[7] In addition, in *Lehman*, the security broker plaintiff brought state wage and hour claims, including for overtime and for withholding compensation due to him as a result of alleged errors and discounts associated with trades, which, unlike Vasvari's state law claims in this case, did not expressly refer to, or depend upon,

Plaintiff does no better by citing *Freeman v. Hoffman-LaRoche, Inc.*, 2007 WL 4440875 (D.N.J. Dec. 18, 2007), or *DiNardo v. Ned Stevens Gutter Cleaning & Installation, Inc.*, 2008 WL 565765 (D.N.J. Feb. 28, 2008).  Plaintiff's Brief, at 6.   In *Freeman*, involving claims by former sales representatives for unpaid overtime under the FLSA and New York and New Jersey state wage and hour laws, the court addressed defendants' motion to dismiss the state law claims. *Freeman*, 2007 WL 4440875, at *1.  Plaintiff selectively quotes *Freeman* for the proposition that "dismissing state law class actions 'solely on the basis of their 'inherent incompatibility' with the asserted FLSA collective action' is inappropriate."  Plaintiff's Brief, at 6 (quoting *Freeman*, 2007 WL 4440875, at *2). However, when read in context of the entire decision, the *Freeman* court's conclusion is based on its determination that "the more prudent approach in assessing whether an opt-out Rule 23 class action and opt-in FLSA collective action should proceed together in federal court is to engage in a proper supplemental jurisdiction analysis," and that such jurisdictional analysis "would be premature at this stage of the litigation."  *Freeman*, 2007 WL 4440875, at *3. Accordingly, the *Freeman* court did not analyze the inherent incompatibility

---

the FLSA for their operation. *Lehman*, 532 F. Supp. 2d at 728.  As noted, O.R.C. § 4111.03 is identical to its FLSA counterpart and exists solely by reference to the FLSA. *See, e.g.*, *Dillworth*, 2009 WL 2766991, at *7 ("Ohio's overtime statute is a carbon copy of FLSA's overtime provisions"); *Ellis*, 527 F. Supp. 2d at 455 ("Ohio's overtime law explicitly tracks the FLSA….").

argument in the context of the plaintiff's claims.

Similarly, *DiNardo* involved FLSA and New Jersey wage and hour claims for unpaid overtime by former sales representatives. *DiNardo*, 2008 WL 565765, at *1. The *DiNardo* court, relying solely on the *Freeman* decision, denied the defendant's motion to dismiss the plaintiffs' state law claims because "[d]efendant has presented no argument related to supplemental jurisdiction; its motion relies solely on 'inherent incompatibility.'" *DiNardo*, 2008 WL 565765, at *2. Here again, the court does *not* examine the inherent incompatibility argument, but instead concludes that a jurisdictional analysis—something not raised by the *DiNardo* defendant in its motion—must precede any such examination. *Id.*[8]

---

[8] In further support of his argument that the inherent incompatibility argument is "legally invalid," Plaintiff cites *Westerfield v. Washington Mutual Bank*, 2007 WL 2162989 (E.D.N.Y. July 26, 2007) (Exhibit J, Supp. App.). Importantly, the *Westerfield* court rejected the reasoning of a number of decisions from within the Third Circuit, including the reasoning of this Court in *Otto*. *Westerfield*, 2007 WL 2162989, at *2 (rejecting the reasoning of *Otto*, 457 F. Supp. 2d at 522 (discussing the inherent incompatibility of the opt-in and opt-out schemes); *Herring v. Hewitt Assoc., Inc.,* No. 06-267(GEB), 2006 WL 2347875, at *2 (D.N.J. August 11, 2006) (Docket Entry No. 73-11) (granting motion to dismiss because state law class action allegations legally incompatible with FLSA Section 216(b)); *Himmelman v. Cont'l Cas. Co.,* No. 06-166(GEB), 2006 WL 2347873, at *2 (D.N.J. August 11, 2006) (Docket Entry No. 73-12) (same); *Aquilino v. Home Depot U.S.A., Inc.,* No. 04-4100(PGS), 2006 WL 2023539, at *3 (D.N.J. July 18, 2006) (Exhibit I, Supp. App.) ("The Congressional intent for an opt-in procedure pursuant to FLSA ... 'would largely be thwarted if a plaintiff were permitted to back door the shoe horning in of unnamed parties.'"); and *Moeck v. Gray Supply Corp.,* No. 03-1950 (WGB), 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006) ("Allowing Plaintiff ... to circumvent the opt-in requirement ... would undermine Congress's intent to limit these types of claims to collective actions.")). Moreover, Plaintiff supplies no

Finally, Plaintiff appends two United States Department of Labor ("U.S. DOL") amici briefs, asserting (without analysis) that the U.S. DOL has "vigorously argued that the 'inherent incompatibility' doctrine is inconsistent with the FLSA's history, language, and purpose." Plaintiff's Brief, at 6-7, Appendix B and C. Plaintiff provides no basis, however, on which to argue that amici briefs must be given deference by this Court.

Indeed, even opinion letters of the Administrator of the Wage and Hour Division of the U.S. DOL are not entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See*, *e.g.*, *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 302-03 (6th Cir. 1998) (citing *Reich v. Parker Fire Protection Dist.*, 992 F.2d 1023, 1026 (10th Cir. 1993)). Nevertheless, Plaintiff relies on amici briefs submitted by the U.S. DOL in unrelated actions, which, unlike agency opinion letters, fall outside the realm of the department's responsibility to promulgate regulations and guidelines. *See*, *e.g.*, 29 U.S.C. § 213(e) (authorizing the U.S. DOL to promulgate FLSA rules and regulations, after public notice and comment).

---

basis on which the Court should reject "the clear path being blazed by our sister district court as well as the direction taken by some of our sister circuits" (*Otto*, 457 F. Supp. 2d at 524), in favor of the Eastern District of New York's *Westerfield* decision.

## 2. The "Inherent Incompatibility" of the FLSA's Opt-In Mechanism and Rule 23's Opt-Out Approach Is *Not* Confined to Cases Involving Supplemental Jurisdiction

The underlying conflict between the FLSA's opt-in mechanism and Rule 23's opt-out approach is, in fact, an *inherent* incompatibility and, contrary to Plaintiff's assertion (Plaintiff's Brief, at 7-8), it is *not* confined to cases involving a court's exercise of supplemental jurisdiction.

Though a body of federal case law has developed with respect to the "inherent incompatibility" argument in connection with challenges to the exercise of supplemental jurisdiction,[9] Plaintiff is simply wrong when he argues that "the inherent incompatibility doctrine applies exclusively to situations in which the district court is asked to maintain supplemental jurisdiction over the Rule 23 class action claim." Plaintiff's Brief, at 7.[10]

Federal courts, including within the Third Circuit, *will apply* the inherent incompatibility argument to state wage claims for which original jurisdiction is pled, and *will dismiss* on that basis. For example, the court in *Burkhart-Deal I,* on a motion to dismiss the plaintiff's state law class claims in a dual-filed FLSA and Rule 23 class/collective action, noted the defendant's "central argument" was "that an opt-out class action under Rule 23 conflicts, impermissibly, with a collective

---

[9] *See* Rite Aid's Brief, at 8-11, 19-23.

[10] As noted, stand-alone Rule 23 state wage and hour law class actions rarely made their way to federal court until the recent enactment of CAFA.

opt-in action under FLSA Section 216." 2008 WL 2357735, at *1. With respect to the inherent incompatibility argument, the court explained, "[t]he 'incompatibility' argument *must be distinguished from* a challenge to the exercise of supplemental jurisdiction over the state law claims. … Defendants here expressly concede that supplemental jurisdiction is *not* at issue, as Plaintiff has asserted jurisdiction premised on [CAFA]…. Therefore, I focus *solely* on the 'incompatibility' argument." *Id*. (emphasis added). Further, the court held that "*the inherent incompatibility* of Plaintiff's FLSA claims and state law class claims, in this particular case, *require dismissal* of the state law class claims." *Id*. at *2 (emphasis added). *See also Ellis*, 527 F. Supp. 2d at 439 (facing "original rather than supplemental jurisdiction over essentially identical claims involving both opt-in and opt-out classes" and, noting that "federal preemption theory informs the opt-in/opt-out incompatibility decisions [cited by the court]," the court found that that basis was alone sufficient for dismissal of the plaintiffs' "parallel state claims").[11]

Cases cited by Plaintiff are inapposite. Plaintiff selectively quotes *Hickton v. Enterprise Rent-A-Car Co., Inc.*, 2008 U.S. Dist. LEXIS 86604 (W.D. Pa. Sept.

---

[11] *See also Ramsey v. Ryan Beck & Co., Inc.*, 2007 WL 2234567, at *2-3 (E.D. Pa. Aug. 1, 2007) (Docket Entry No. 48-27) (addressing state wage claims on the basis of supplemental jurisdiction, but recognizing two lines of analysis for dismissal of Rule 23 state class claims: (1) incompatibility of the FLSA and state-law collective and class actions; and (2) the rubric of supplemental jurisdiction); *Brothers v. Portage Nat'l Bank*, 2007 WL 965835, at *10-12 (W.D. Pa. Mar. 29, 2007) (same) (Exhibit D, Supp. App.).

12, 2008) (copy at Docket Entry No. 48-18), to support his position that "the district court does not have discretion to dismiss the state class action claim on inherent incompatibility grounds." Plaintiff's Brief, at 8. The *Hickton* court made no such finding. Rather, it merely rejected the inherent incompatibility argument as a means of evaluating a *Fed. R. Civ. P. 12(b)(1) challenge to CAFA subject matter jurisdiction*, and is therefore distinguishable from cases involving 12(b)(6) or 12(c) motions to dismiss. *Id*. at *16-21.

Plaintiff incorrectly argues that *Jackson v. Alpharma, Inc.*, 2008 U.S. Dist. LEXIS 12787, *10-16 (D.N.J. Feb. 21, 2008) (Docket Entry No. 48-21), stands for the proposition that the "inherent incompatibility doctrine would not apply where [the] federal court has independent jurisdiction under CAFA." Plaintiff's Brief, at 8. Instead, the *Jackson* court concluded only that "it is *premature* to dismiss Plaintiff's state law claims, given that Plaintiff has alleged that this Court has independent CAFA jurisdiction." *Jackson*, 2008 U.S. Dist. LEXIS 12787, at *15 (emphasis added). In addition, the *Jackson* court suggested, "Defendant may ultimately be able to demonstrate that having concurrent opt-in and opt-out proceedings is unworkable or would unduly confuse potential plaintiffs." *Id*. (quoting *Ellison v. Autozone Inc.*, 2007 WL 2701923, *3 (N.D. Cal. Sept. 13,

2007) (Exhibit D, Supp. App.)).[12]

### 3. The "Inherent Incompatibility" of the FLSA's Opt-In Mechanism and Rule 23's Opt-Out Approach Is *Not* Confined to Dual-Filed FLSA and Rule 23 Actions

Plaintiff argues the dearth of federal case law involving stand-alone Rule 23 state class actions is evidence that the "inherently incompatible" argument applies "only" to dual-filed or hybrid Rule 23 and FLSA class and collective actions. As noted, the purported dearth of case law is simply a reflection of the fact that only the recent enactment of CAFA permitted stand-alone Rule 23 state wage and hour law class actions based on diversity jurisdiction to even be filed in federal court. Indeed, Vasvari himself relied on CAFA to place his Ohio MFWSA Rule 23 class claims before this Court, while simultaneously pursuing his FLSA collective action claims in a separate case. Thus, just as Plaintiff has availed himself of CAFA's expansion of diversity jurisdiction, so too must he accept logical extensions of existing case law which will necessarily follow that expansion.

The underlying conflict between the FLSA's opt-in approach and the opt-out scheme of Rule 23 cannot be reconciled by considerations of supplemental

---

[12] Plaintiff fares no better relying on: (i) *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 889 (N.D. Iowa Jul. 3, 2008) (acknowledging that if the court certified the class under Rule 23(b)(1), where the class membership has no choice to opt-out, plaintiffs will not face an opt-in/opt-out situation); or (ii) *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 69-70 n.7 (E.D. Pa. 2009) (dismissing, *sua sponte*, plaintiff's dual-filed state class claims on the basis of inherent incompatibility).

jurisdiction alone. Nor can it be alleviated by separate federal docket numbers. The underlying "conflict" so often acknowledged is ever present.

Nor can Plaintiff save his argument by relying on cases which allow, or suggest, dismissal without prejudice, so that the plaintiff may refile the state class action in state court, thereby undermining the "inherent incompatibility" argument by allowing claims to proceed in different court systems. *See* Plaintiff's Brief, at 9-10 (citing *Jackson*, 2008 U.S. Dist. LEXIS 12787; *Ramsey*, 2007 U.S. Dist. LEXIS 56129; *Sherhill*, 2008 U.S. Dist. LEXIS 91477. Yet, supplemental jurisdiction and the inherent incompatibility, despite being distinct concepts, frequently appear together and are often conflated.[13] Moreover, because "the ability to dismiss the state claims without prejudice" is one factor courts in the Third Circuit should consider when determining whether to exercise supplemental jurisdiction,[14] it is not unexpected that a handful of decisions purporting to address the inherent incompatibility argument, are instead relying on supplemental jurisdiction rubric.

The reasoning of those courts recognizing the incompatibility of state and federal wage claims in the same lawsuit,[15] should apply with equal force to the

---

[13] *See*, *e.g.*, *Burkhart-Deal I*, 2008 WL 2357735, at *1 ("The 'incompatibility' argument must be distinguished from a challenge to the exercise of supplemental jurisdiction over state law claims.").

[14] *See DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312 (3d Cir. 2003).

[15] *See*, *e.g.*, this Court's reasoning in *Otto*, 457 F. Supp. 2d at 522.

circumstances presented here.   Rite Aid's Brief, at 8-11, 19-23.   While not technically a "hybrid" or "dual-filed" action, Vasvari's state class claims here and his FLSA collective claims in *Craig*, are separated only by their Middle District of Pennsylvania docket numbers.   The legal issue to be adjudicated in this action and in *Craig*, *i.e.*, whether Rite Aid ASMs in Ohio were properly classified as exempt, will involve the same FLSA legal standard.   Thus, based on the same compelling principles and logic as are applied to hybrid actions, Plaintiff's Ohio MFWSA class claims are inherently incompatible with the FLSA collective claims in *Craig*, and must be dismissed.

### 4. The Fact That Plaintiff's Ohio MFWSA and FLSA Overtime Claims Are Identical Does Not Undermine the "Inherent Incompatibility" Argument

"Inherent incompatibility" arises from the inherent conflict between the FLSA's opt-in requirement, as set forth in 29 U.S.C. § 216(b), and Rule 23's opt-out approach, as set forth in Fed. R. Civ. P. 23(c)(2)(B) and 23(c)(3)(B).   The conflicting framework for determining *who may sue* is entirely distinct from the *elements of the underlying claims*.   Indeed, while Rite Aid agrees with Plaintiff's assessment that his federal and state claims are "substantively similar," the similarity between the state and federal requirements for, and exemption from, overtime compensation is unrelated to the question of who can sue.   Accordingly, Plaintiff's argument that "the substantive similarity of the federal and state claims

weighs heavily *against* application of the inherent incompatibility doctrine" (Plaintiff's Brief, at 12-13 (emphasis in original)), is simply the result of Plaintiff's conflating inherent incompatibility with preemption.

Further, Plaintiff's concession that he is seeking the same relief for substantively similar claims logically dictates that dismissal of his Rule 23 class claims is warranted.  As noted, the state law claims Plaintiff seeks to pursue for himself and on behalf of absent class members are essentially identical to the FLSA claims which 83 percent of Ohio ASMs chose *not* to pursue when they decided not to opt-in to the *Craig* action.  Nevertheless, Plaintiff now seeks an opt-out Rule 23 class action that encompasses those who chose not to participate in *Craig*, and improperly seeks to affect their substantive rights, even though they have already made the decision not to pursue their claims.  The prejudice to these absent class members, should they not understand that they must now affirmatively opt-out of the Rule 23 action, in being bound by a judgment, weighs heavily in favor of dismissal.  Vasvari should not be permitted to force individuals who have decided not to have their FLSA claims adjudicated in *Craig*, have their substantively identical claims adjudicated here.

## C. PLAINTIFF'S CLASS CLAIMS MUST BE DISMISSED BECAUSE THEY ARE BARRED BY THE RULES ENABLING ACT

The Rules Enabling Act provides that "general rules of practice and

procedure" cannot be applied where such application would "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(a) and (b). Application of Rule 23's opt-out requirement to Plaintiff's Ohio MFWSA class claims would abridge the substantive rights conferred to defendants and potential opt-ins in *Craig* by the statutory opt-in mechanism set forth in Section 216(b) of the FLSA. Accordingly, Plaintiff's Ohio MFWSA class claims are barred by operation of the Rules Enabling Act.

The crux of Plaintiff's opposition to application of the Rules Enabling Act analysis is that the opt-in mechanism of the FLSA's Section 216(b) is one of procedure, rather than substance. Plaintiff's Brief, at 11-14. However, there is no question that the rights *conferred by the operation of* Section 216(b)'s requirement, *i.e.*, who can sue, are substantive. *Henderson*, 517 U.S. at 671 (recognizing that "who may sue, on what claims, for what relief, [and] within what limitations period" are quintessentially "substantive matters"); *De Ascencio*, 342 F.3d at 310 ("[T]he aggregation of claims, particularly as class actions, profoundly affects the substantive rights of parties to the litigation."); *Ellis*, 527 F. Supp. 2d at 457 (applying the Rules Enabling Act and recognizing that two principal substantive rights are secured by Section 216(b)'s opt-in provision: "the right of employers not to be sued in representative actions, and the right of employees not to have their rights litigated without their knowledge and express consent"). *See also* Rite Aid's

Brief, at 29-33 (citing cases).

Moreover, *Burkhart-Deal II*, like so much of the case law cited by Plaintiff, relies entirely on procedural and jurisdictional considerations, rather than an evaluation of issues such as that raised by the Rules Enabling Act.  For example, *Burkhart-Deal II* suggests that "the impermissible aspect of the [state/federal] conflict *does vanish* [when the state and federal classes exist in separate actions before the court]—albeit for reasons related to the facts of *legal procedure*." *Burkhart-Deal II*, 2008 WL 4793749, at *4 (emphasis added).  Further, though it concludes that plaintiff's state wage claims "did not violate the [Rules Enabling Act]," the court *did not actually engage in* an analysis of the Rules Enabling Act. Indeed, the court explained that "[t]he present litigation…is not a 'combined opt-in/opt-out action' or a 'hybrid' action.   This distinguishes *Ellis*, and also undermines the application of the REA, in that the class claims here are not paired with other rights that might be threatened by Rule 23." *Id*. at *2.  Therein lies the problem identified by the *Ellis* court: "the REA argument has received perfunctory analysis at best." *Ellis*, 527 F. Supp. 2d at 456.[16]

---

[16] Further, Plaintiff relies heavily on case law from district courts within the Second Circuit.  *See, e.g.*, Plaintiff's Brief, at 11-14.  Rite Aid does not dispute that such courts have declined to adopt attempts to limit class and collective litigation involving state and federal wage laws.  *See, e.g., Guzman v. VLM, Inc.*, 2008 U.S. Dist. LEXIS 15821, *29 (E.D.N.Y. Mar. 2, 2008) (Docket Entry No. 48-16) ("I note that it is routine for courts in the Second Circuit to certify state labor law classes in FLSA actions.").  Such cases, however, frequently criticize case law

Plaintiff Vasvari's Rule 23 opt-out class action impermissibly extinguishes the substantive rights guaranteed by the FLSA to the parties and opt-ins in *Craig*, in violation of the U.S. Supreme Court's directive that no procedural rule be applied where such application would "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b); *see also Ellis*, 527 F. Supp. 2d at 454-61. Moreover, as discussed, application of Rule 23's opt-out scheme will have a preclusive effect on the potential future FLSA claims of absent class members. Rite Aid's Brief, at 25-27. Such a result cannot be permitted, and Plaintiff's Ohio MFWSA class claims must be dismissed.

---

from within the Third Circuit, and are not binding on this Court. *See*, *e.g.*, *id*. (rejecting this Court's decision in *Otto*, 457 F. Supp. 2d at 523-24).

## III. <u>CONCLUSION</u>

For the reasons set forth herein and in their moving brief, Defendants Rite Aid Corporation and Eckerd Corporation d/b/a/ Rite Aid respectfully request that Plaintiff's Complaint be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(c).

Respectfully submitted,

Dated:  November 8, 2010

      *s/Patrick G. Brady*

Patrick G. Brady, Esq. (*Pro Hac Vice*)
pbrady@ebglaw.com
Suzanne K. Brown, Esq. (*Pro Hac Vice*)
skbrown@ebglaw.com
**EPSTEIN BECKER & GREEN, P.C.**
One Gateway Center
Newark, New Jersey 07102
Phone:  (973) 642-1900
Fax: (973) 639-8556

Brian P. Downey, Esq. (PA 59891)
downeyb@pepperlaw.com
**PEPPER HAMILTON LLP**
100 Market Street, Suite 200
Harrisburg, Pennsylvania 17108-1181
Phone:  (717) 255-1155
Fax: (717) 238-0575

**Attorneys for Defendants**
Rite Aid Corporation and Eckerd
Corporation d/b/a Rite Aid

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Patrick G. Brady, hereby certify that this brief is in compliance with the type/volume requirements set forth in Local Rule 7.8(b)(2), as it contains 6,477 words, as reported by Microsoft Word's word count feature, exclusive of the title page, table of contents, table of authorities, signature blocks and required certificates.

Dated:  November 8, 2010

_*s/Patrick G. Brady*_

Patrick G. Brady, Esq. (*Pro Hac Vice*)
pbrady@ebglaw.com
**EPSTEIN BECKER & GREEN, P.C.**
One Gateway Center
Newark, New Jersey 07102
Phone:  (973) 642-1900
Fax: (973) 639-8556

**Attorneys for Defendants**
Rite Aid Corporation and Eckerd
Corporation d/b/a Rite Aid

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a redacted copy of the foregoing **Defendants' Reply Brief in Further Support of Their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c)** was filed electronically this date and this Certificate of Service and said filing is available for viewing and downloading from the ECF system of the United States District Court for the Middle District of Pennsylvania.  I further certify that on this date service was made upon the following Plaintiff's counsel via the ECF system and a true and correct copy of the foregoing was sent via electronic mail and First Class Mail, postage pre-paid, to Plaintiff's counsel as follows:

**Klafter Olsen & Lesser LLP**
Fran L. Rudich, Esq.
Seth R. Lesser, Esq.
Two International Drive
Suite 350
Rye Brook, NY 10573

**The Winebrake Law Firm, LLC**
Peter D. Winebrake, Esq.
R. Andrew Santillo, Esq.
715 Twining Office Center
Suite 211
715 Twining Road
Dresher, PA 19025

**Barkan Neff Handelman Meizlish, LLP**
Robert E. DeRose, Esq.
Robert K. Handelman, Esq.
Sanford A. Meizlish, Esq.
Shannon R. Baith, Esq.
Katherine A. Stone, Esq.
360 S. Grant Avenue
P.O. Box 1989
Columbus, OH 43216-1989

Dated:  November 8, 2010

_s/Patrick G. Brady_
Patrick G. Brady